IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | **COMPLAINT – CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| ZILLOW, INC. | |
| Defendant. | |

1. Chet Michael Wilson ("Plaintiff") brings this class action against Zillow, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone

CLASS ACTION COMPLAINT, Page **1** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. However, the TCPA doesn't only restrict robocalls.

4. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

5. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person no longer wishes to receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against

CLASS ACTION COMPLAINT, Page **2** of **19**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

6. Relatedly, the TCPA also restricts contacting individuals who have previously requested to no longer be contacted.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227 and 28 U.S.C. § 1331.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

9. Defendant directed artificial or prerecorded voice message and text messages to Plaintiff's cellular telephone from this district.

**Parties**

10. Plaintiff is a natural person.

11. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a corporation that resides in this District.

13. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

14. Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

15. Plaintiff had registered his number on the National Do Not Call Registry for at

CLASS ACTION COMPLAINT, Page **3** of **19**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1  least 30 days prior to receiving the calls at issue.

2  16. Defendant began placing calls to telephone number (541) XXX-9999 in January
3  2022, or earlier.

4  17. Defendant placed calls to telephone number (541) XXX-9999 intending to reach
5  someone other than Plaintiff.

6  18. Defendant placed at least 10 calls to telephone number (541) XXX-9999 from
7  2022 through 2024.

8  19. The text messages are below:

**CLASS ACTION COMPLAINT,** Page **4** of **19**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424



CLASS ACTION COMPLAINT, Page **5** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424



CLASS ACTION COMPLAINT, Page **6** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

CLASS ACTION COMPLAINT, Page **7** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



CLASS ACTION COMPLAINT, Page **8** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

[Screenshot of text message conversation with +1 (470) 288-3519, showing messages from "Zillow Home Loans" dated Apr 6, 2022, May 4, 2022, and May 5, 2022, including the recipient's reply "Stop" and an unsubscribe confirmation.]

20. The Plaintiff replied STOP to text messages on January 21, 22, 2022 and April 6, 2022, but still received the subsequent messages.

21. Defendant also used an artificial or prerecorded voice in connection with the calls it placed to telephone number (541) XXX-9999 on November 27, 2024.

22. The call delivered a pre-recorded message, which stated:

CLASS ACTION COMPLAINT, Page **9** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

"Hi, this is Zillow calling on a recorded line for quality purposes. Press 1 to be connected."

23. Defendant's voice message was generic and asked the recipient to press a button.

24. Given the generic nature of the message and the content of the message, the message Defendant delivered to telephone number (541) XXX-9999 was prerecorded in nature.

25. The pattern and tone of the speech made clear to Plaintiff that the message Defendant played was prerecorded in nature.

26. Plaintiff does not have, nor did he have, an account with Defendant.

27. Plaintiff did not provide telephone number (541) XXX-9999 to Defendant.

28. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (541) XXX-9999.

29. Defendant placed the subject calls to telephone number (541) XXX-9999 voluntarily.

30. Defendant placed the subject calls to telephone number (541) XXX-9999 under its own free will.

31. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (541) XXX-9999.

32. Plaintiff listened to the voice messages Defendant delivered to his cellular telephone.

33. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone

CLASS ACTION COMPLAINT, Page **10** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23 and as a representative of the following classes:

> **Robocall Class:** All persons in the United States (1) to whom Zillow, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account with Zillow, Inc., (3) in connection with which Zillow, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.
>
> **IDNC Class**: All persons in the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more telemarketing calls within any 12-month period, from or on behalf of Zillow, Inc., regarding Zillow, Inc.'s goods or services, to said person's residential telephone number, including at least one call *after* communicating to Zillow, Inc. that they did not wish to receive such calls.
>
> **DNC CLASS**: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one telemarketing call within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days but not assigned to a person with an account with Zillow, Inc.,; (3) regarding Zillow, Inc.'s property, goods, and/or services; (4) to said person's residential telephone number.

36. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

38. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

39. The members of the class are ascertainable because they are defined by reference

CLASS ACTION COMPLAINT, Page **11** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1    to objective criteria.

2    40.    In addition, the members of the class are identifiable in that, upon information and
3    belief, their telephone numbers, names, and addresses can be identified in business records
4    maintained by Defendant and by third parties.

5    41.    Plaintiff's claims are typical of the claims of the members of the class.

6    42.    As it did for all members of the class, Defendant placed calls to Plaintiff's cellular
7    telephone number in connection with which it used an artificial or prerecorded voice.

8    43.    In addition, like all members of the class, Plaintiff did not have an account in
9    collections with Defendant.

10    44.    Plaintiff's claims, and the claims of the members of the class, originate from the
11    same conduct, practice, and procedure on the part of Defendant.

12    45.    Plaintiff's claims are based on the same theories as the claims of the members of
13    the class.

14    46.    Plaintiff suffered the same injuries as the members of the class.

15    47.    Plaintiff will fairly and adequately protect the interests of the members of the
16    class.

17    48.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the
18    interests of the members of the class.

19    49.    Plaintiff will vigorously pursue the claims of the members of the class.

20    50.    Plaintiff has retained counsel experienced and competent in class action litigation.

21    51.    Plaintiff's counsel will vigorously pursue this matter.

22    52.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the
23    class.

24    53.    The questions of law and fact common to the members of the class predominate

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

over questions that may affect individual members of the class.

54. Issues of law and fact common to all members of the class include:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an artificial or prerecorded voice; and

    e. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

60. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the

CLASS ACTION COMPLAINT, Page **13** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

members of the class to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

62. There will be little difficulty in the management of this action as a class action.

63. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On Behalf of Plaintiff and the Robocall Class**

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

66. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**On Behalf of Plaintiff and the IDNC Class**

67. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

68. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

CLASS ACTION COMPLAINT, Page **14** of **19**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

69. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

70. Plaintiff and IDNC Class Members are residential telephone subscribers who received more than one telemarketing call made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its repeated failure to honor opt-out requests.

71. Plaintiff and IDNC Class members made requests to Defendant not to receive telemarketing calls from Defendant.

**CLASS ACTION COMPLAINT,** Page **15** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

72. Plaintiff and IDNC Class Members revoked any consent they may have previously provided Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's calls.

73. Plaintiff and IDNC Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

74. Defendant continued to call Plaintiff and IDNC Class Members to harass them into making purchases from Defendant.

75. Defendant failed to honor Plaintiff's and IDNC Class members' opt-out requests.

76. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

77. Plaintiff and IDNC Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls.

78. Plaintiff and IDNC Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

79. Plaintiff and IDNC Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

80. The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

81. Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its

CLASS ACTION COMPLAINT, Page **16** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

personnel engaged in telemarketing.

82. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and IDNC Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

83. As a result of Defendant's knowing or willful conduct, Plaintiff and IDNC Class members are entitled to an award of $1,500.00 in statutory damages per violation.

**Count III**
**Violations of 47 U.S.C. § 227(c) and 64.1200(c)**
**On Behalf of Plaintiff and the DNC Class**

84. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

85. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

86. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

87. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

88. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to

CLASS ACTION COMPLAINT, Page **17** of **19**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

receive telephone solicitations that is maintained by the federal government.

89. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

90. As a result of Defendant's conduct as alleged herein, Plaintiff and DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227;

e) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227;

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT, Page **18** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: January 8, 2025

By: /s/ *Eric R. Draluck*
Eric R. Draluck
WSBA No. 19881
271 Winslow Way E., Ste 11647
Bainbridge Island, WA 98110
Telephone: (206) 605-1424
eric@dralucklaw.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Pro Hac Vice motion forthcoming*

*Attorneys for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT, Page **19** of **19**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424